UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No.

DEBBIE HALL

    Plaintiff,

vs.

ALACHUA COUNTY HOUSING
AUTHORITY

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff DEBBIE HALL, by and through undersigned counsel, and sues the Defendant ALACHUA COUNTY HOUSING AUTHORITY, and states as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to the Fair Housing Act (hereinafter "FHA"), 42 U.S.C. § 3601, stemming from the ALACHUA COUNTY HOUSING AUTHORITY'S violation of the FHA by unlawfully discriminating against DEBBIE HALL, a person with disabilities, and against RICHARD HALL, a disabled person associated with DEBBIE HALL. Defendant violated the FHA by refusing to make reasonable accommodations to the rules, policies, practices, or services, when such an accommodation was necessary to afford Plaintiff DEBBIE HALL and her disabled husband Richard Hall an equal opportunity to use and enjoy a dwelling.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because this lawsuit is

brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

3. Venue is proper in the Northern District of Florida, Gainesville Division, under 28 U.S.C. §1391(b) because these claims arose in this judicial district.

4. Plaintiff DEBBIE HALL, an Alachua County resident, is a person with a disability. Her now deceased husband of 27 years, RICHARD HALL, was, at the time of the incidents giving rise to this litigation, also a person with a disability.

5. Defendant, ALACHUA COUNTY HOUSING AUTHORITY, (hereinafter "ACHA"), is a public entity created pursuant to Florida Statutes Chapter 421, to provide safe, sanitary and affordable housing for low income persons in Alachua County.

6. At all times relevant to this complaint, ACHA owned and managed the SUNSHINE INN at 4155 NW 13th St, Gainesville, FL 32609.

7. The rooms at the SUNSHINE INN are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b), FHA and as such, are subject to the anti-discrimination provisions of the FHA.

8. DEBBIE HALL suffers from mental impairments which substantially limit one or more of her major life activities. Accordingly, DEBBIE HALL has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

9. At the time of the incidents giving rise to this complaint, RICHARD HALL suffered from mental impairments which substantially limited one or more of his major life activities. Accordingly, RICHARD HALL had "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

10. In July of 2012, RICHARD HALL was being treated for cancer at Shands Hospital and required housing near the hospital. A social worker arranged for the HALLs to be provided medical respite housing at the SUNSHINE INN.

11. DEBBIE HALL has a cat that provides her emotional support that helps to ameliorate the symptoms of her disabilities.

12. Until his death on November 21, 2013, RICHARD HALL had a cat that provided him emotional support that helped to ameliorate the symptoms of his disabilities

13. In order to have equal use and enjoyment of their room at the SUNSHINE INN, it was imperative that the HALL's have the ability to live with their cats as emotional support animal because the cats provided emotional support that ameliorated the impacts of their disabilities.

14. The day after checking in, DEBBIE HALL informed a SUNSHINE INN employee, (upon information and belief the front desk manager,) that she and her husband RICHARD HALL had cats that are emotional support animals, and provided documentation of their disability related need for an accommodation, namely scripts from their physician Bryan D. Hooker MD. See Exhibit A.

15. DEBBIE HALL requested a modification of the SUNSHINE INN'S no pet policy, so that she and RICHARD HALL could reside in their room with their emotional support animals.

16. At no time were the Halls asked to provided additional information regarding their disabilities or need for emotional support animals.

17. The SUNSHINE INN employee stated that she needed to check with the Executive Director, who was apparently on vacation. The manager knocked on the Halls' door every couple of days disapprovingly asking if the cats were still there, and on July 26, 2012 , informed the Halls that the Executive Director had reviewed the scripts, and "she is not hearing it, now she wants you both out of the room."

18. After the Halls were ousted from the Sunshine Inn they were forced to live in their vehicle in the heat and humidity for weeks while Richard Hall continued his cancer treatment. Living in a vehicle in Florida during the summer would be a difficult experience for anyone. For a cancer patient experiencing nausea and diarrhea and other side effects of chemotherapy, it was excruciating.

19. Plaintiff DEBBIE HALL has been injured by discriminatory housing practices and therefore Plaintiff is an "aggrieved person" pursuant to 42 U.S.C. § 3602(i), FHA.

20. Plaintiff DEBBIE HALL has retained the undersigned to represent her in this cause and have agreed to pay a reasonable fee for her services.

21. An administrative complaint concerning this matter was filed with the Florida Department of Housing and Urban Development and forwarded to the Florida Commission on Human Relations, which issued a no cause determination on August 12, 2013.

22. All conditions precedent to filing this action have occurred, been satisfied or waived.

### COUNT I - FAILURE TO REASONABLY ACCOMMODATE PLAINTIFF

23. PLAINTFF re-alleges and incorporates, by reference, paragraphs 1 through 22 as if fully set forth herein.

24. DEBBIE HALL has a disability-related need to live with her emotional support animal.

25. The Defendant ACHA at all times relevant to this action had actual knowledge of DEBBIE HALL'S disabilities and need for an accommodation.

26. DEBBIE HALL requested, as a reasonable accommodation of her disabilities, a waiver of any pet restriction that would exclude HALL from residing at the Sunshine Inn with her emotional support animal.

27. DEBBIE HALL provided reliable verification of her handicap and disability-related need for an accommodation from her physician, Dr. Bryan Hooker, MD.

28. Defendant ACHA denied HALL's request for an accommodation, and failed to engage in a good faith dialogue regarding HALL's need for an accommodation, but instead ousted DEBBIE HALL and her critically ill husband RICHARD HALL from their dwelling.

29. Defendant ACHA's failure to modify its policies to accommodate for DEBBIE HALL's disabilities was discriminatory and unlawful.

30. Such actions by Defendant ACHA were in total and reckless disregard of DEBBIE HALL's rights, and showed total indifference to her disabilities.

31. Defendant ACHA, though its conduct and acts described above, violated 42 U.S.C.§ 3604(f), FHA, by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford HALL an equal opportunity to use and enjoy her dwelling.

32. Providing a waiver of the no pet rule so that DEBBIE HALL could reside at the Sunshine Inn with her cat as an emotional support animal would not (1) result in substantial physical damage to the property of others, (2) pose an undue financial and administrative burden; or (3) fundamentally alter the nature of the operation.

33. As a direct and proximate result of ACHA's failure to accommodate, HALL suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

34. The discriminatory actions of ACHA were intentional, willful, and taken in blatant disregard of Plaintiff DEBBIE HALL's rights.

### COUNT II - FAILURE TO REASONABLY ACCOMMODATE A PERSON ASSOCIATED WITH PLAINTIFF

32. Plaintiff DEBBIE HALL re-alleges and incorporates, by reference, paragraphs 1 through 22, as if fully set forth herein.

33. In July of 2010 Plaintiff DEBBIE HALL was married to Richard Hall, a person with a disability, and accordingly DEBBIE HALL was "associated with a renter with a disability."

34. Richard Hall required the ability to live with his emotional support animal in order to have the same opportunity to enjoy his dwelling at the SUNSHINE INN as any non-disabled resident.

35. DEBBIE HALL requested a reasonable accommodation of her husband's disabilities, specifically a waiver of any pet restriction that would exclude Richard Hall from residing at the Sunshine Inn with his emotional animal.

36. DEBBIE HALL provided reliable verification of her husband's handicap and disability-related need for an accommodation from his physician, Dr. Bryan Hooker, MD.

37. Defendant ACHA denied Richard Hall request for an accommodation, and failed to engage in a good faith dialogue regarding the need for an accommodation, but instead ousted RICHARD HALL from his dwelling.

38. Defendant ACHA's failure to modify its policies to accommodate for RICHARD HALL's disabilities was discriminatory and unlawful.

39. Such actions by Defendant ACHA were in total and reckless disregard of Richard Hall's rights, and showed total indifference to his disabilities.

40. It is unlawful to discriminate against any person in the provision of services or facilities in connection with a subject dwelling because of a handicap of any person associated with that person. Defendant ACHA, though its conduct and acts described above, violated 42 U.S.C.§ 3604(f), FHA, by refusing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford Richard Hall an equal opportunity to use and enjoy the room he rented at the Sunshine Inn.

41. Providing a waiver of the no pet rule so that Richard Hall could reside at the Sunshine Inn with his cat as emotional support animal would not (1) result in substantial physical damage to the property of others, (2) pose an undue financial and administrative burden; or (3) fundamentally alter the nature of the operation.

42. As a direct and proximate result of ACHA's failure to accommodate Richard Hall, DEBBIE HALL suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities

regardless of disability.

43. The discriminatory conduct and actions of ACHA was intentional, willful, and taken in blatant disregard of Plaintiff DEBBIE HALL's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff DEBBIE HALL demands judgment against the Defendant Alachua County Housing Authority to ensure that discrimination in violation of the Fair Housing Act does not occur in the future, as follows:

   a) That the Court declares that the discriminatory housing practices of Defendant as set forth above violate the Fair Housing Act;

   b) That the Court enjoin ALACHUA COUNTY HOUSING AUTHORITY from discriminating against any person based upon handicap by refusing to make a reasonable accommodation when such accommodation may be necessary to afford a person with a handicap an equal right to enjoy a dwelling;

   c) That the Court enjoin Defendant ALACHUA COUNTY HOUSING AUTHORITY to establish objective policies and procedures to permit an accommodation for a person with a disability;

   d) That the Court order an award of compensatory and punitive damages to Plaintiff DEBBIE HALL against Defendant ALACHUA COUNTY HOUSING AUTHORITY to compensate her for her actual damages and for the humiliation, embarrassment and emotional distress caused by Defendant's discriminatory actions;

   e) That the Court declare that the Defendants actions were willful and wanton and in reckless disregard of the Plaintiff DEBBIE HALL's civil rights under law and

award punitive damages to Plaintiff;

    f)      Awards Plaintiff DEBBIE HALL reasonable attorney's fees and costs incurred in bringing this action to enforce the Fair Housing Amendments Act;·

    g)      Grants such other relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

Dated: September 11, 2014.

Respectfully Submitted,

MARCY I. LAHART, PA

BY:    s/ Marcy I. LaHart
**Marcy I. LaHart, Esq.**
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
MARCY I. LAHART, P.A.
4804 SW 45th Street
Gainesville, Florida 32608
Telephone (352) 224-5699
Facsimile (888) 400-1464
*Attorney for Plaintiff*