UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Case No. :1:14-cv-168-MW-GRH

DEBBIE HALL

    Plaintiff,

vs.

ALACHUA COUNTY HOUSING
AUTHORITY

    Defendant.
_____/

### PLAINTIFF DEBBIE HALL'S RESPONSE TO DEFENDANT ALACHUA COUNTY HOUSING AUTHORITY'S MOTION TO DISMISS

Plaintiff DEBBIE HALL, ("HALL") by and through undersigned counsel, hereby files her Response to the Defendant ALACHUA COUNTY HOUSING AUTHORITY's ("ACHA") Motion to Dismiss [DE 2], and in support thereof states:

### I. BACKGROUND

This action stems from ACHA's ouster of HALL and her terminally ill husband Richard Hall from the Sunshine Inn, which is owned and managed by ACHA. HALL and her husband, both persons with disabilities, had sought respite medical housing at the Sunshine Inn while Richard Hall was undergoing cancer treatment, but ACHA refused to waive its no pet rule for the Hall's emotional support animals and ordered the Halls to leave. On September 15, 2014, HALL filed this action pursuant to the Fair Housing Act, 42 U.S.C. § 3601, ("FHA") stemming from ACHA's unlawful discrimination against both HALL and her now deceased husband due to their disabilities. [DE 1]

ACHA seeks to dismiss the complaint in its entirety, with prejudice nonetheless, because ACHA claims that the units at the Sunshine Inn are not "dwellings" within the meaning of the FHA, and that HALL and her husband were not "buyers" or "renters" and were therefore not entitled to be free from housing discrimination based upon their disabilities. ACHA's motion to dismiss also alleges that the complaint fails to allege facts sufficient to show: a) HALL and her husband were "handicapped; b) that ACHA knew or should have known about HALL and her husband's "alleged mental disabilities;" c) waiving the no pet policy was a necessary accommodation; or d) that ACHA actually or constructively denied HALL's request for accommodation.

Finally, although not pled in the alternative, ACHA seeks to strike Paragraph 18 of the same complaint it seeks to have dismissed with prejudice, on the basis that Paragraph 18 allegedly contains "immaterial, impertinent, or scandalous matters."

## II. STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). In considering a motion to dismiss, the court must accept as true the facts stated in the complaint and all reasonable inferences therefrom. *Jackson v. Okaloosa County*, 21 F.3d 1531 (11th Cir. Fla. 1994), citing *Stephens v. Dept. of Health and Human Services*, 901 F.2d 1571, 1573 (11th Cir.1990). Moreover, the complaint may be dismissed only if it is clear

that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id*., citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984).

## III. DISCUSSSION

A.     The Units at the Sunshine Inn are Dwellings under the FHA

After treating the court to a lengthy, albeit selective, summary of authority regarding what constitutes a "dwelling" for purposes of the FHA, ACHA asserts that the Sunshine Inn was a "place of temporary sojourn or transient visit" during HALL's husband cancer treatment, therefore their residence at the Sunshine Inn was not a dwelling subject to the FHA. The United States Department of Housing and Urban Development[1] ("HUD") broadly defines "dwelling unit" in 24 CFR 100.201 as:

> *a single unit of residence for a family or one or more persons. Examples of dwelling units include: a single family home; an apartment unit within an apartment building; and in other types of dwellings in which sleeping accommodations are provided but toileting or cooking facilities are shared by occupants of more than one room or portion of the dwelling, rooms in which people sleep. Examples of the latter include dormitory rooms and sleeping accommodations in shelters intended for occupancy as a residence for homeless persons. 24 CFR 100.201*

The fact that the HALLs would occupy the unit at the Sunshine Inn for medical respite housing during Richard Hall's cancer treatment [DE 1 ¶ 10] rather than forever does not exempt ACHA from complying with the FHA in regards to its management of the Sunshine Inn. See *United States v. Univ. of Neb. at Kearney*, 940 F. Supp. 2d 974 (D. Neb. 2013)(College dorm rooms are "dwellings" notwithstanding the fact that they are occupied temporarily only while students are enrolled.)

---

[1] HUD is the agency charged with administering the FHA, and its interpretation is entitled to deference here. See, *Meyer v. Holley*, 537 U.S. 280, 287-88, 123 S. Ct. 824, 154 L. Ed. 2d 753 (2003); *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 107, 99 S. Ct. 1601, 60 L. Ed. 2d 66 (1979).

In *Lauer Farms v. Waushara County Bd. of Adjustment*, 986 F. Supp. 544 (E.D. Wis. 1997), the court considered whether vacant land upon which the plaintiff wished to construct migrant housing was subject to the FHA. The Defendant argued that the prospective migrant workers who would have inhabited the structures would live there temporarily and had other residences "to return to" at the end of the summer growing season, and therefore constituted "place[s] of temporary sojourn or transient visit" exempt from the FHA. In flatly rejecting this argument, the court held that "far from being akin to motel rooms, these structures would have provided the prospective migrant workers and their families with a place to return to on a daily basis and a place from which to seek shelter from the elements on a daily and nightly basis for so long as the growing and harvesting seasons lasted." *Id*. at 558.

In deciding that migrant worker housing is subject to the FHA, the court in *Lauer Farms* relied heavily on *Woods v. Foster*, 884 F. Supp. 1169 (N.D. Ill. 1995), which considered whether a homeless shelter was dwelling for purposes of the FHA. In concluding "the Shelter" is a dwelling for the purposes of the FHA, the court held "the Shelter is provided for those in need of shelter; the homeless are not visitors or those on a temporary sojourn in the sense of motel guests. Although the Shelter is not designed to be a place of permanent residence, it cannot be said that the people who live there do not intend to return --they have nowhere else to go." The Court further stated that "the length of time one expects to live in a particular place does is not the exclusive factor in determining whether the place is a residence or a 'dwelling.' Because the people who live in the Shelter have nowhere else to 'return to,' the Shelter is their residence in the sense that they live there and not in any other place."

The facts pled in the instant complaint, and which must be assumed true, clearly establish that the HALLs were not visiting the Sunshine Inn, but rather intended to reside at the Sunshine Inn at least for the indefinite duration of Richard Hall's cancer treatment, and, with the exception of their vehicle, had no place else to go. [DE 1 ¶10, 18] Accordingly, unlike the hotel, hospital and

detention center considered not to be "dwellings" in the cases relied upon by the Defendant, the facts as pled in this case indicate that the Sunshine Inn was to be a home to HALL and her husband Richard Hall, a cancer victim, just as "Our Place" was home to AIDS victims in *Baxter v. Belleville*, 720 F. Supp. 720, 731 (S.D. Ill. 1989)("the facility is to be a home for HIV victims in need of a place to live. Although the length of the residence may vary, the persons who will reside at Our Place will not be living there as mere transients. Thus, the premises may be considered a dwelling.")

### B. ACHA cannot legally discriminate against disabled residents simply because the residents are not paying for their housing.

Contrary to Defendant's assertion, public entities like ACHA may not discriminate against persons with disabilities in the provision of housing just because those persons are unable to pay for their housing. The duty of such housing providers to make reasonable accommodations does not apply only to paying tenants. See, *Woods v. Foster*, 884 F. Supp. 1169, 1175 (N.D. Ill. 1995), holding that a homeless shelter is subject to the FHA. ("[T]here is no reason to conclude that the scope of the FHA should be limited to those who pay for their own housing, rather than extended to all victims of the types of discrimination prohibited by the Act.")

HALL has alleged sufficient facts to demonstrate that she was injured by ACHA's discriminatory housing practices. Other than the requirement that the purported injury be "likely to be redressed by a favorable decision," injury in fact is the only requirement to achieve standing under the Fair Housing Act. *Lauer Farms v. Waushara County Bd. of Adjustment*, 986 F. Supp. 544, 555 (E.D. Wis. 1997) citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 2206, 45 L. Ed. 2d 343 (1975).

### C. Plaintiff has pled facts sufficient to establish a prima facie case.

In order to state a cause of action based upon failure to accommodate, a plaintiff must show that (1) the plaintiff suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) the defendant

knew of the plaintiff's handicap or should reasonably be expected to know of it; (3) the accommodation of the handicap may be necessary to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendant refused to make such accommodation.  See *Hawn v. Shoreline Towers Phase 1 Condo. Assoc.*, 347 F. App'x 464, 467 (11th Cir. 2009). HALL's allegations satisfy each of these elements.

    **1)  Hall and her husband suffered from handicaps as defined in 42 U.S.C. § 3602(h).**

The complaint alleges that at the time of their ouster from the Sunshine Inn, HALL and her husband Richard Hall suffer from mental impairments that substantially limit their major life activities. [DE 1 ¶ 8 & 9] A mental impairment that substantially limits one or more of major life activities is a handicap, 42 USC § 3602(h), and thus HALL has established facts that if true, in the context of requesting a reasonable accommodation,  entitle her to the protections of the FHA.

In contrast to the ADA employment cases cited by Defendant, a housing provider's permissible scope of inquiry regarding the nature and severity of a resident's disability is more narrow when considering a request for accommodation. According to HUD, documentation of a need for an assistance animal is sufficient "if it establishes that an individual has a disability and that the animal in question will provide some type of disability-related assistance or emotional support." See FHEO Notice: FHE0-2013-01, *Service Animals and Assistance Animals for People with Disabilities in Housing and HUD-Funded Programs* (April 25, 2013)  ("A housing provider also may not ask an applicant or tenant to provide access to medical records or medical providers or provide detailed or extensive information or documentation of a person's physical or mental impairments.")

    **2)  ACHA knew or should reasonably be expected to know of the HALLs' handicaps**

The complaint alleges that HALL informed a SUNSHINE INN employee that she and her husband RICHARD HALL had cats that are emotional support animals, provided documentation of their disability related need for an accommodation, and requested a

modification of the SUNSHINE INN'S no pet policy. [DE1 ¶ 14 & 15] Nonetheless, the motion to dismiss asserts the complaint fails to allege facts that if true demonstrate ACHA "knew or should have known that HALL and her husband are disabled" because the scripts do not state "that Plaintiff or her husband suffered from a physical or mental handicap and do not state they need cats to ameliorate their alleged handicap."

ACHA's attack upon the documentation of disability proffered by HALL is misplaced. The fact that the scripts, written by a psychiatrist, do not contain fair housing jargon and buzz words meaningful only to lawyers does not excuse ACHA's self proclaimed ignorance of the Halls' disability related need for an accommodation. See *Archibald v. Riverbay Corp.*, 2012 HUD ALJ LEXIS 15, 63 (May 7, 2012) ("The Court is particularly troubled by [Respondent's] apparent fixation over the need for the Herron Letter to contain the word 'disability' or a special incantation invoking 'use and enjoyment of the apartment.' The need for 'magic words' has long been held unnecessary. Traditionally, magic words serve the wizards that knew them. Muggles who do not know them cannot cast spells.") (citations omitted)

Further, if ACHA was skeptical of the HALLs' need for an accommodation, it was legally obligated to request additional documentation or open a dialogue rather than ordering the Halls to vacate. See *Bhogaita v. Altamonte Heights Condo. Ass'n*, 765 F.3d 1277, 1287 (11th Cir. Fla. 2014), citing *Jankowski Lee & Associates v. Cisneros*, 91 F.3d 891, 895 (7th Cir. 1996).

### 3) The accommodation of the HALLs' handicaps was necessary to afford the HALLs an equal opportunity to use and enjoy their dwelling at the Sunshine Inn

The complaint alleges that "in order to have equal use and enjoyment of their room at the Sunshine Inn it was imperative that the HALL's have the ability to live with their cats as emotional support animal because the cats provided emotional support that ameliorated the impacts of their disabilities." [DE 1 ¶13] Accordingly, contrary to ACHA's assertion, the

complaint does alleges facts that if true establish that waiving the no pet policy was a necessary accommodation.

### 4) ACHA refused to accommodate the HALLs' need to reside with their cats as emotional support animals

Finally, the complaint alleges that ACHA denied the accommodation. HALL alleges she and her terminally ill husband were commanded to leave the Sunshine Inn because of their emotional support animals. [DE 1¶ 17] It is hard to fathom what ACHA would think constitutes denial of an accommodation if being told that ACHA's executive director reviewed their request and that "she is not hearing it, now she wants you both out of the room" is not sufficient. ACHA's assertion that HALL has failed to plead facts sufficient to show that "ACHA actually or constructively denied HALL's request for accommodation" is baseless.

### D. The motion to strike should be denied.

ACHA asks that the Court strike Paragraph 18 of the complaint, which states "After the Halls were ousted from the Sunshine Inn they were forced to live in their vehicle in the heat and humidity for weeks while Richard Hall continued his cancer treatment. Living in a vehicle in Florida during the summer would be a difficult experience for anyone. For a cancer patient experiencing nausea and diarrhea and other side effects of chemotherapy, it was excruciating."

While offense to ACHA's counsel's sensibilities was not intended, the allegations are not calculated to "sensationalize" but rather to give context to the loss of dignity, security and comfort caused by the Halls, homelessness, which were compounded both by the side effects of Richard Hall's treatment for a terminal illness and by the fact that they were homelessness in July.

A motion to strike is "a drastic remedy" and should be granted only when the pleading to be stricken has no possible relation to the controversy and may cause prejudice to one of the parties.  See *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1347 (M.D. Fla.

1999) (quoting *Seibel v. Society Lease*, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)). The much maligned paragraph 18 is related to the controversy, and ACHA has pled no facts that would establish it is in anyway prejudiced thereby.

## CONCLUSION

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). HALL has stated a prima facie case for failure to provide a reasonable accommodation, and ACHA's assertion that HALL's residence at the Sunshine Inn is not a dwelling and that ACHA, a public entity, was free to deny HALL housing on the basis of her disability merely because she was not a paying occupant both fail as a matter of law. Accordingly, Plaintiff Debbie Hall respectfully requests that ACHA's motion to dismiss be denied.

Dated:   December 1, 2014.

Respectfully Submitted,

MARCY I. LAHART, PA


BY:   s/ Marcy I. LaHart
**Marcy I. LaHart, Esq.**
Florida Bar No. 0967009
Marcy@floridaanimallawyer.com
MARCY I. LAHART, P.A.
4804 SW 45th Street
Gainesville, Florida 32608
Telephone (352) 224-5699
Facsimile (888) 400-1464
*Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via

CM/ECF electronic mail service this 1st day of December, 2014.

BY:   s/ Marcy I. LaHart
      **Marcy I. LaHart, Esq.**